IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROMAN Y. M., | § | |
|     PETITIONER, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:18-CV-3088-B-BK |
| | § | |
| JEFFERSON SESSION, III, | § | |
|     RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the United States Magistrate Judge for findings and a recommended disposition. On November 20, 2018, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking to be released from Immigration and Customs Enforcement (ICE) custody on an order of supervision. Doc. 3 at 6-8. On February 13, 2019, Respondent advised the Court that the Department of Homeland Security released Petitioner on an order of supervision on January 24, 2019, Doc. 9 at 1, 3-4, and he subsequently moved to dismiss the petition for lack of jurisdiction as moot, Doc. 11 at 1.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

Here, Petitioner only sought his release from custody on an order of supervision. Doc. 3 at 8. Because Petitioner has now received all relief requested, his petition is moot and should be **DISMISSED WITHOUT PREJUDICE.**

**SO RECOMMENDED.**

March 8, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).